IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC., <br><br> Plaintiff, <br><br> v. <br><br> SANDY ADAMS, <br><br> Defendant. | Civil Action No. 4:19-cv-00854-DCC <br><br> **Consent Order** |

Currently pending before the Court is Plaintiff Wyndham Vacation Ownership's Motion for Preliminary Injunction and Expedited Discovery (ECF No. 5). The Court has carefully considered Plaintiff's Motion, Defendant Sandy Adams' Response, Plaintiff's Reply and the affidavits submitted by each party. The Court heard live testimony and oral argument on the Motion on May 16. At the conclusion of the hearing, the Court directed the Parties' to consult with each other in an attempt to resolve this Motion within the parameters described on the record by the Court and submit to the Court a proposed Consent Order resolving the Motion within fourteen days. This Consent Order resolving Plaintiff's Motion follows.

The Court **ORDERS AS FOLLOWS**:

Within 7 days of this Order, Defendant shall return to Plaintiff the original manila folder and all of its contents that was removed by Defendant from Wyndham's Quality Assurance office on or about August 9, 2018, containing owner information. Defendant shall not retain any copies of the folder or its contents. However, Defendant's Counsel may maintain a single copy for

purposes of this litigation only. This copy shall be designated as CONFIDENTIAL—*Attorney's Eyes Only*—and protected under the Confidentiality Order previously entered in this case.

Defendant shall make a diligent, good faith effort to identify the Charleston attorney to whom she provided copies of some Wyndham owner information sheets, and she shall provide the name of this attorney to Counsel for Plaintiff within seven days of this Order. Defendant shall also instruct this attorney to destroy any and all copies of the owner information Defendant provided to him and to cease further efforts to contact Wyndham owners, as Plaintiff testified that she did not authorize this attorney to contact any Wyndham owners on her behalf and the attorney did not represent her at any time. If Defendant fails to determine the name of the Charleston attorney, Defendant shall provide Counsel for Plaintiff an affidavit which sets forth in detail the good faith efforts that were made to determine the name of the Charleston attorney.

Defendant has represented to the Court that she has not contacted any current or former Wyndham owners and that she has no intent to do so in the future. Accordingly, Defendant shall not contact any current or former Wyndham owner on any matter related to the individual's Wyndham ownership.

In light of the Court's Scheduling Order in this case and the hearing previously held in this matter, Plaintiff's request for expedited discovery is moot.

**IT IS SO ORDERED**.

s/Donald C. Coggins Jr.
This 23rd day of May 2019　　　　　　　　HON. DONALD C. COGGINS, JR.
Spartanburg, South Carolina　　　　　　　UNITED STATES DISTRICT JUDGE